IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTOPHER J. DICKEY, | § |
| PLAINTIFF, | § |
| v. | §  CIVIL ACTION NO: 4:18-cv-00770 |
| STATE FARM BANK, F.S.B., | § |
| DEFENDANT | § |

**DEFENDANT STATE FARM BANK, F.S.B.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**

Defendant State Farm Bank, F.S.B. ("State Farm Bank") files this motion to dismiss the claims of Plaintiff Christopher J. Dickey under Rules 12(b)(6) and 12(b)(5) or, in the alternative, for a more definite statement under Rule 12(e).

**I. OVERVIEW**

1. In July 2008, Plaintiff entered into an agreement with State Farm Bank for a Home Equity Line of Credit for $87,000.00 (the "Loan Agreement").[1] The Loan Agreement was amended in writing in August 2009 to increase the amount of the loan to $152,500.00.[2]

2. As of January 30, 2017, Plaintiff had failed to make several payments when due under the Loan Agreement and Plaintiff was in default. A Notice of Right to Cure Default was sent to Plaintiff on January 30, 2017, but Plaintiff failed to cure the default. Over 90 days later, on May 11, 2017, Plaintiff was sent a Notice of Default and Notice of Intent to Accelerate Indebtedness, but again Plaintiff failed to cure the default.

---

[1] Plaintiff's Original Petition, ¶ 5.

[2] *Id*. ¶ 6.

3.  On August 1, 2017, State Farm Bank filed an Application for Expedited Foreclosure of the lien securing the Loan Agreement in Harris County District Court seeking a court order for expedited foreclosure under Rule 736 of the Texas Rules of Civil Procedure.

4.  To stop the expedited foreclosure proceeding, Plaintiff filed his Original Petition in Harris County District Court on February 19, 2018, and State Farm Bank removed the case to federal court on diversity grounds on March 12, 2018.

5.  State Farm Bank now moves to dismiss Plaintiff's claims because they fail to state a claim upon which relief can be granted under Rule 12(b)(6) and because of insufficient service of process under Rule 12(b)(5).  In the alternative, Defendant moves the court for an order for more definite statement because Plaintiff's pleading is so ambiguous and vague that Defendant cannot reasonably prepare a response.

## II.  MOTION TO DISMISS

### A.  Rule 12(b)(6) Standard

6.  Under Rule 12(b)(6), this Court should dismiss a complaint that "fail[s] to state a claim upon which relief may be granted."[3]  The United States Supreme Court expanded the circumstances where Rule 12(b)(6) motions should be granted.[4]  While the plaintiff's pleadings are construed liberally, the Supreme Court has held that the complaint should be dismissed unless it states a claim for relief "that is plausible on its face."[5]  It is not sufficient to tender "'naked

---

[3] FED. R. CIV. P. 12(b)(6).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[5] *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570.

2

assertion[s]' devoid of 'further factual enhancement.'"[6] The standard is not a probability requirement but requires "more than a sheer possibility that the defendant has acted unlawfully."[7]

7. To survive a motion to dismiss, the Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."[8] While the Court must accept as true, for purposes of the motion to dismiss, the allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."[9] Simply reciting the elements of a cause of action, and supporting it with "mere conclusory statements" does not suffice.[10]

8. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim *showing that the pleader is entitled to relief.*"[11] While the standard under Rule 8 is less technical than the previous pleading standards, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[12] Only a complaint that states a plausible claim for relief survives a motion to dismiss. Where the facts pled do not permit the court to infer more than the mere possibility of liability, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief," as required by Rule 8(a)(2).[13]

### B. Plaintiff's Allegations Do Not State a Claim that is Plausible.

9. Plaintiff's Original Petition purports to allege four causes of action, "Breach of Implied Covenant & Bad Faith," "Deception & Unfair Business Practices (Federal Trade Commission

---

[6] *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 557.

[7] *Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 556.

[8] *Twombly,* 550 U.S. at 545.

[9] *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 556.

[10] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

[11] FED. R. CIV. P. 8(a)(2) (emphasis added).

[12] *Iqbal,* 556 U.S. at 678-79.

[13] *Iqbal*, 556 U.S. at 679 (internal quotations and citations omitted).

Act)," "Misrepresentation & Negligent Supervision of Employees" and "Fair Debt Collections Act." Despite the various titles to the purported causes of action, the underlying allegations for the first three claims are essentially the same. Plaintiff alleges that Defendant State Farm Bank told Plaintiff that he could make payments in an amount different from what was called for under the Loan Agreement (the so-called "promise payments") and that if he did, State Farm Bank would not foreclose.[14]

10. Under the first cause of action, Plaintiff's Original Petition alleges that, if "promise payments" were made, "Defendant would work with Plaintiff, and carry Plaintiff during hardship"[15] and that "the collection phone calls would decrease significantly."[16]

11. As the basis for the second cause of action, Plaintiff's Original Petition alleges that "sending in promise payments would extend any grace periods."[17]

12. In support of the third cause of action, Plaintiff's Original Petition alleges that Defendant's employees told Plaintiff that, if the promise payments were made, "Defendant would carry Plaintiff through hardship periods"[18] and "keep the HELOC alive and defer payments"[19] and that "phone calls would decrease to once a month."[20]

13. None of these allegations under Plaintiff's first three causes of action states a claim for which relief can be granted because in each case, Plaintiff is asserting that Defendant State Farm Bank made oral promises about modifying the terms of the Loan Agreement. Because the amount

---

[14] Plaintiff's Original Petition ¶¶ 23-33.

[15] *Id.* ¶ 24 (Breach of Implied Covenant & Bad Faith Claim).

[16] *Id.* ¶ 26 (Breach of Implied Covenant & Bad Faith Claim).

[17] *Id.* ¶ 30 (Deception & Unfair Business Practices (Federal Trade Commission Act Claim).

[18] *Id.* ¶ 31 (Misrepresentation & Negligent Supervision of Employees).

[19] *Id.* ¶ 32 (Misrepresentation & Negligent Supervision of Employees).

[20] *Id.* ¶ 33 (Misrepresentation & Negligent Supervision of Employees).

4

of the Loan Agreement is more than $50,000.00, it is subject to the statute of frauds, and no oral agreement to modify the Loan Agreement is enforceable under Texas Law.

14. As alleged by Plaintiff, the original Loan Agreement was for $87,000.00 and was then increased to $152,500.00.[21] Under Texas law, a "loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."[22] Under the statute, the term "loan agreement" includes any agreement to make financial accommodation, delay repayment or postpone foreclosure and, therefore, any supposed agreement to modify the terms of the loan by deferring payments, changing the payment amounts or postponing foreclosure is subject to the statute of frauds.[23]

15. Plaintiff does not allege that there was any agreement in writing and signed by State Farm Bank to accept "promise payments" in exchange for extending the time for Plaintiff to pay or delaying foreclosure. As such, Plaintiff's first three causes of action fail to state a claim for which relief can be granted and should be dismissed.[24]

16. It is unclear from the Original Petition whether Plaintiff's fourth cause of action "Fair Debt Collections Act" is based on state or federal law. However, in either case, Plaintiff fails to state a plausible claim.

---

[21] *Id*. ¶¶ 5-6.

[22] *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 928 (N.D. Tex. 2014)(quoting, Tex. Bus. Com. Code § 26.02(b)).

[23] *Johnson v. Wells Fargo,* 999 F. Supp. at 928: *see also Milton v. U.S. Bank Nat'l Ass'n,* 508 Fed. Appx. 326, 328–29 (5th Cir.2013); *Berry v. Fed. Nat'l Mortg. Ass'n,* No. 3:11–cv–1288–L, 2013 WL 1294008, at *6–*7 (N.D. Tex. Mar. 29, 2013).

[24] Plaintiff's claim for "Deception & Unfair Business Practices" under the Federal Trade Commission Act should also be dismissed because banks are specifically excluded from the Federal Trade Commission's jurisdiction. 15 U.S.C.A. § 45 (West). Because the Federal Trade Commission Act does not extend to banks, Plaintiff's claims under that Act should be dismissed for that reason as well.

17. Assuming for purposes of analysis, that it is Plaintiff's intent to state a claim under the federal Fair Debt Collection Practices Act ("FDCPA"), the claim should be dismissed because State Farm Bank is not a debt collector. Under the FDCPA, the definition of a debt collector excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C.A. § 1692a (West).

18. Section 1692k provides that "*any debt collector who fails to comply* with any provision of this subchapter with respect to any person *is liable to such person* in an amount equal to …."[25] Since State Farm Bank is not a debt collector as defined in the FDCPA, the FDCPA is not applicable and the claims should be dismissed.

19. If for purposes of analysis, Plaintiff's fourth cause of action was intended to state a cause of action under the Texas Debt Collection Act ("TDCA") the claim fails as a matter of law because the Plaintiff is not a consumer under the Texas Deceptive Trade Practices Act ("DTPA").

20. A violation of the TDCA is a "deceptive trade practice" under the DTPA.[26] "[A] plaintiff must qualify as a 'consumer' in order to having standing to bring an action under the DTPA."[27] A "consumer" is "an individual ... who seeks or acquires by purchase or lease, any goods or services."[28] "[M]erely obtaining a loan or an extension of credit does not qualify one as a 'consumer' " under the DTPA.[29] One court has specifically found that obtaining a home equity loan does not constitute obtaining a good or service under the DTPA and, therefore, the Plaintiff

---

[25] 15 U.S.C.A. § 1692k (West)(emphasis added).

[26] *Eads v. Wolpoff & Abramson, LLP,* 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008)(*citing* Tex. Fin. Code § 392.404).

[27] *Eads,* 538. F. Supp. at 989; citing *Marketic v. U.S. Bank Nat'l Ass'n,* 436 F.Supp.2d 842, 854–55 (N.D.Tex.2006).

[28] Tex. Bus. & Com. Code § 17.45(4).

[29] Marketic, 436 F.Supp.2d at 855; *see also Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169, 175 (Tex. 1980).

6

is not a "consumer" under the DTPA and does not have standing to file a DTPA claim.[30] Because Plaintiff's claim for violation of the Fair Debt Collections Act is predicated on the alleged actions related to his home equity line of credit, it must also be dismissed under Texas law.

21. While not referenced in Section VI of Plaintiff's Original Petition "Causes of Action," in Section IX, "Damages & Demands" Plaintiff requests damages related to "character defamation and loss of reputation."[31] To the extent that the mention of character defamation and loss of reputation as damages is an attempt to plead a cause of action for either defamation or business disparagement, they should be dismissed because they fail to state a claim for which relief can be granted. Both defamation (whether by liable or slander) and business disparagement require, among other things, publication of a false, defamatory statement by the Defendant to someone other than the Plaintiff.[32] Plaintiff alleges only that Defendant made representations to the Plaintiff himself, not that State Farm Bank published any statement, defamatory or otherwise, to any other person other than Plaintiff. As such, Plaintiff's Original Petition fails to state a claim for which relief can be granted for either defamation or business disparagement.

### C. Motion to Dismiss under Rule 12(b)(5)

22. State Farm Bank also moves for dismissal of the claims under Rule 12(b)(5) for insufficient service of process because State Farm Bank has not been served with a summons or citation and because neither Texas law nor Federal law allows a party to a suit to serve process on the opposing party.

---

[30] *Grant-Brooks v. Wilshire Credit Corp.*, CIV.A.3:02-CV-2455-A, 2004 WL 1194462, at *5 (N.D. Tex. May 27, 2004).

[31] Plaintiff's Original Petition, ¶ 44.

[32] *See Hurlbut v. Gulf Atlantic Life Ins. Co.,* 749 S.W.2d 762, 766 (Tex.1987); *New Times, Inc. v. Wamstad*, 106 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.).

23. According to Plaintiff's Original Petition, upon filing suit, he sent a copy of the Original Petition to Bobby D. Amick, counsel for State Farm Bank in *State Farm Bank, F.S.B. v. Christopher J. Dickey,* Cause No. 2017-51063. This purported service is insufficient for several reasons. First, Mr. Amick is not the president, vice-president or a registered agent for service of State Farm Bank. Second, no citation or summons was included with the Original Petition. And third, service of process is not proper by a party to the litigation.

24. Under Texas law, a citation meeting the requirements of Texas Rule of Civil Procedure 99 must be served, along with the petition, by someone authorized under Rule 103. Service can be accomplished by either "(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."[33] Because no citation was requested from the court and sent to State Farm Bank by any means, service of process is insufficient.

25. Service of process was insufficient because Plaintiff did not provide the Original Petition to an authorized representative of State Farm Bank. For purposes of effecting service of process "the president and each vice president of a domestic or foreign corporation is an agent of that corporation."[34] Service can also be accomplished by serving the entity's registered agent.[35] Mr. Amick, to whom the Original Petition was sent, is neither a president, vice president, nor the registered agent for service for State Farm Bank, so (even if proper citation was included) sending a copy of the Original Petition to Mr. Amick is not service on State Farm Bank.

---

[33] Tex. R. Civ. P. 106.

[34] Tex. Bus. Orgs. Code Ann. § 5.255 (West).

[35] Tex. Bus. Orgs. Code Ann. § 5.201 (West).

26. Lastly, even if the service rules had otherwise been complied with, Texas Rule of Civil Procedure 103 provides that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit."[36] Mr. Dickey's Original Petition states that he sent the Original Petition to Mr. Amick. As the Plaintiff, service by Mr. Dickey is prohibited, even if he had complied with the other procedures for service of process, which he did not. Similarly, Federal Rule of Civil Procedure 4(c) provides that "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint.[37]

27. For the reasons set forth herein, the Court should dismiss Plaintiff's claims under Rule 12(b)(5) for insufficient service of process.

### III.  MOTION FOR MORE DEFINITE STATEMENT

#### A.  Federal Rule 12(e) Standard.

28. In order to properly assert a claim for relief, a party must file a pleading that contains: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief requested.[38] Thus, the pleading must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" [39]

29. If a pleading is "so vague and ambiguous that a party cannot reasonably prepare a response," then a party may move for a more definite statement prior to responding to the pleading.[40]

---

[36] Tex. R. Civ. P. 103.

[37] Fed. R. Civ. P. 4(c)(emphasis added).

[38] FED. R. CIV. P. 8(a).

[39] *Twombly*, 550 U.S. at 545, *quoting Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).

[40] *Stewart Title Guar. Co. v. Stewart Title Latin Am., Inc.*, 4:12-CV-3269, 2013 WL 5530819 (S.D. Tex. Sept. 30, 2013); FED. R. CIV. P. 12(e).

### B. Plaintiff's allegations do not provide fair notice of the claims being asserted.

30. Plaintiff's Original Petition is too vague and ambiguous for State Farm Bank to reasonably prepare a responsive pleading. Throughout Plaintiff's Original Petition, he alleges that State Farm Bank made oral promises to Plaintiff about the repayment of the Loan Agreement.[41] As set forth above, the alleged oral contract to modify the terms of the Loan Agreement is subject to the statute of frauds and, therefore, the Plaintiff's claims should be dismissed.

31. Should the Court not dismiss Plaintiff's claims, Plaintiff should be required to plead specifically setting forth the names of the persons with whom these alleged promises were made, the time and place they occurred and the specifics of the alleged agreements. "An oral contract, by its very nature, requires specific identification in pleading as to time, place and parties or agents. In an action on a written contract these facts would be readily ascertainable by reference to an attached copy and, where there is no copy, they should appear in the complaint."[42]

32. In addition to the problems with the alleged oral contract, Section IX of Plaintiff's Original Petition alleges that Plaintiff is entitled to damages for character defamation and loss of reputation. However, Plaintiff's Original Petition does provide any information regarding what allegedly defamatory statement or statements were made, who allegedly made them, when they were made or to whom, whether they allegedly relate to Plaintiff's business or personal reputation or what damages Plaintiff has allegedly suffered.

33. If Plaintiff is attempting to plead defamation or business disparagement, Plaintiff's Original Petition fails to properly plead the elements of either cause of action. To maintain a defamation cause of action, a plaintiff must prove that the defendant (1) published a statement

---

[41] *See* Plaintiff's Original Petition, ¶¶ 10, 23-26, 30-33, 35-36.

[42] *Reed v. Gen. Implement Exp. Corp.*, 9 F.R.D. 182, 183 (N.D. Ohio 1949).

concerning the plaintiff, (2) that was defamatory, (3) while acting with negligence regarding the truth of the statement.[43]  Plaintiff's Original Petition does not set forth the basic elements of a defamation cause of action, and, therefore, Plaintiff has not met his burden.

34. The elements of a business disparagement claim are publication of disparaging words which are false, done with malice, without privilege and causing special damages.[44]  The plaintiff must plead and prove the statements made and their falsity.[45]  Plaintiff's Original Petition fails to provide any of the specifics needed for a business disparagement claim.

35. It is unclear whether Plaintiff is attempting to plead causes of action for defamation, business disparagement, or both, but if he is, Plaintiff's Original Petition fails to meet the pleading requirement and, if allowed to survive, Plaintiff should be required to plead the specifics of the claims as required by Texas law.

## IV. CONCLUSION

36. For the reasons set forth herein, Defendant State Farm Bank requests that this Court dismiss Plaintiff's claims in their entirety with prejudice and award State Farm Bank its costs of court.  In the alternative, State Farm Bank requests that the Court enter an order requiring Plaintiff to replead and correct the deficiencies in Plaintiff's Original Petition to provide State Farm Bank the ability to reasonably prepare a response.

---

[43] *Wamstad*, 106 S.W.3d at 921.

[44] *Hurlbut,* 749 S.W.2d at 766.

[45] *Id.*

Respectfully submitted,

*/s/ John Muir*
John Muir
Federal ID No. 9404
Texas Bar No. 14630477
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1715
Facsimile: (713) 980-1701
jmuir@bakerwotring.com

**ATTORNEY IN CHARGE FOR DEFENDANT STATE FARM BANK, F.S.B.**

OF COUNSEL:
BAKER • WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas  77002
Telephone:  (713) 980-1700
Facsimile: (713) 980-1701

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, a true and correct copy of the foregoing instrument was served on Plaintiff through certified mail and email:

Christopher John Dickey, *pro se*
5868 Westheimer Road, Suite 555
Houston, TX 77056
Telephone: (713) 502-2931
Christopher61958@gmail.com

/s/ *John Muir*
John Muir